O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERESA DARLENE PLAZA,                      )   Case No. EDCV 12-01029-OP
                                           )
                    Plaintiff,             )
                                           )
          v.                               )   MEMORANDUM OPINION AND
                                           )   ORDER
MICHAEL J. ASTRUE,                         )
Commissioner of Social Security,           )
                                           )
                    Defendant.             )
_____)

The Court[1] now rules as follows with respect to the disputed
issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

_____

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the
decision in this case is made on the basis of the pleadings, the Administrative
Record, and the Joint Stipulation filed by the parties.  In accordance with Rule
12(c) of the Federal Rules of Civil Procedure, the Court has determined which
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).
(ECF No. 6 at 3.)

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)     Whether the ALJ properly considered the relevant medical evidence of record; and

(2)     Whether the ALJ properly evaluated Plaintiff's credibility.

(JS at 3-4.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**III.**

**DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff had the severe impairments of obesity;

1 degenerative joint disease; and history of alcohol and methamphetamine
2 dependence.  (Administrative Record ("AR") at 14.)  The ALJ also found that
3 Plaintiff had the non-severe impairment of mood disorder which did not cause
4 more than minimal limitations in Plaintiff's ability to perform basic mental work
5 activities.  (Id.)  The ALJ determined that Plaintiff had the residual functional
6 capacity ("RFC") to perform the full range of work, although limited to object-
7 oriented work.  (Id. at 15.)

8 Relying on the testimony of the vocational expert ("VE"), the ALJ
9 determined that Plaintiff was able to perform her past relevant work as an outside
10 deliverer (light unskilled work) (Dictionary of Occupational Titles ("DOT") No.
11 230.663-010), and as a cleaner II (medium unskilled work) (DOT No. 919.687-
12 014).  (AR at 20, 691-92.)

13 **B.    The ALJ Properly Considered and Weighed the Medical Evidence.**

14 Plaintiff contends that the ALJ failed to properly consider the relevant
15 medical evidence of record regarding the totality of Plaintiff's impairments,
16 including her anemia/fatigue, chronic back pain, degenerative joint disease with
17 pain and swelling of the left knee, and limitations effecting the use of her upper
18 extremities.  (JS at 4.)  She contends that although the ALJ gave "great weight" to
19 the opinion of the orthopedic consultative examiner (AR at 451-58), he
20 mischaracterized the examiner's conclusions, and misstated the facts of the report
21 and conclusions when he stated the examiner found Plaintiff capable of medium
22 work, because the examiner only found Plaintiff capable of a substantially limited
23 range of medium work as a result of limitations not included in the ALJ's RFC.
24 (JS at 5.)

25 Specifically, Plaintiff argues that although the examiner concluded Plaintiff
26 was limited to only occasional squatting, kneeling, crouching, and crawling (AR at
27 455), the ALJ failed to include these "significant limitations" in his hypothetical to
28 the VE.  (JS at 5 (citing AR at 692-93).)  She contends that her past relevant work

3

require more than occasional postural activities.  (Id. at 5-6 (citing AR at 682).)
She also argues that the examiner's conclusions are supported by the medical
evidence, which documents her right arm pain and left knee swelling in 2005 (AR
at 158, 163); her being hit by a motor vehicle in 2002 causing injury to her left
shoulder (id. at 194); her 2008 reports of right shoulder pain and pain in both
knees, as well as numbness and "popping" in her right knee (id. at 213); her 2005
report of chronic pain (id. at 223); her 2006 and 2008 blood tests reflecting anemia
(id. at 337, 407, 449); her 2007 note from her mental health therapist noting
limping and leg swelling (id. at 573); and the findings noted by the consultative
examiner in 2009 including her limp (id. at 452, 573), her left shoulder scar with
tenderness in both shoulders (id. at 453), her tenderness to her wrists bilaterally
and a positive Phalen's test bilaterally (id.), bilateral tenderness over her hip, knee,
ankle, and feet joints (id. at 454, 455), decreased sensation over the left knee, and
x-ray evidence of left knee joint narrowing and degenerative changes (id. at 453-
55).  (JS at 6-7.)

Plaintiff contends that given the consultative examiner's limitations, she is
not capable of performing any of her past relevant work.  She asserts she is not
able to drive a car now because of those limitations and because she also has no
driver's license at this time.  (Id. at 7.)  She also contends she is not able to work
as a car wash attendant (cleaner II), because she would have to utilize her upper
extremities constantly, as well as engage in postural activities such as "more than
occasional bending."  (Id. at 8.)

### 1.   **Applicable Law.**

The ALJ is responsible for considering the medical evidence of record in
making a determination of disability.  20 C.F.R. §§ 404.1512(d), (e), 404.1527,
404.1545(a)(3) (2012).  However, the ALJ is not required to "discuss every piece
of evidence" so long as the decision was supported by substantial evidence.
Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).  Rather,

4

1   the ALJ need only explain why "significant probative evidence has been rejected."

2   Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) (per curiam);

3   see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set

4   out in the record his reasoning and the evidentiary support for his interpretation of

5   the medical evidence.").

6          It is well-established in the Ninth Circuit that the reports of consultative

7   experts may serve as substantial evidence.  Magallanes v. Bowen, 881 F.2d 747,

8   752 (9th Cir. 1989).  An expert's opinion should not be second-guessed by

9   "burdensome procedural requirements."  Id. at 753 (quoting Allen v. Heckler, 749

10  F.2d 577, 580 (9th Cir. 1984)).  An examining expert's uncontroverted opinion

11  may be rejected only for "clear and convincing" reasons.  Carmickle v. Comm'r,

12  Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008).  If the examining expert's

13  opinion is controverted, it may be rejected only if the ALJ makes findings setting

14  forth specific and legitimate reasons that are supported by substantial evidence in

15  the record.  Id.  The ALJ does not have to accept the opinion of any expert that is

16  inadequately supported by the medical record.  Bray v. Comm'r of Soc. Sec.

17  Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

18         **2.     The ALJ Properly Considered Limitations Due to Plaintiff's**

19                 **Alleged Postural Impairments.**

20         The ALJ properly considered the record with regard to Plaintiff's alleged

21  knee and shoulder impairments, which she contends are of disabling severity.

22         Although the record shows Plaintiff reported right arm pain and left knee

23  swelling after being involved in a motor vehicle accident in February 2005 (AR at

24  163), as of July 2005, the swelling had decreased, and she exhibited a full range of

25  motion in her right shoulder and left knee, with no tenderness in her right shoulder

26  (id. at 160).  The ALJ also noted that Plaintiff reported riding a bicycle in

27  November 2005, which he found to be inconsistent with her allegations of

28  disabling impairments as alleged in her testimony and function report.  (Id. at 18.)

5

1   As further stated by the ALJ, although Plaintiff reported knee pain and numbness

2   in May 2008, x-rays taken in 2009 only showed mild degenerative changes in her

3   left knee and were otherwise unremarkable. (Id. at 19, 213, 455.)  Thus, as more

4   thoroughly discussed below with respect to Plaintiff's second issue, the ALJ

5   properly discounted Plaintiff's allegations of disabling impairments.

6       Moreover, the ALJ stated that even after her motor vehicle accident, none of

7   Plaintiff's treating physicians suggested that her impairments would render her

8   unable to work for any twelve month period. (Id. at 18.)  The ALJ noted that

9   Plaintiff had received little treatment for these impairments. (Id. at 19.)  In

10  contrast, he gave great weight to the opinion of the consulting orthopedic

11  examiner, Ibrahim Yashruti, M.D., who evaluated Plaintiff on September 14,

12  2009, and found that there was only "mild narrowing and degenerative change" in

13  her left knee, a positive Phalen's test bilaterally, and some generalized tenderness

14  in various parts of her body. (Id.)  Dr. Yashruti found Plaintiff capable of

15  performing medium work and opined that she could sit, stand, and walk six hours

16  in an eight-hour workday; lift fifty pounds occasionally and twenty-five pounds

17  frequently; and that she was restricted to frequent reaching and handling, as well

18  as occasional kneeling, crouching, crawling, and squatting. (Id. at 451-56.)  With

19  regard to her anemia, Plaintiff testified she took iron supplements to treat her

20  anemia, and there is nothing to suggest that the anemia persisted or resulted in

21  disabling limitations. See Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir.

22  1982) (an impairment alone is not "per se disabling"; rather "there must be proof

23  of the impairment's disabling severity").

24      Plaintiff appears to contend that the ALJ posed an incomplete hypothetical

25  to the VE by not including the postural limitations suggested by Dr. Yashruti,

26  given the weight the ALJ gave to Dr. Yashruti's opinion.  However, "[i]n order for

27  the testimony of a VE to be considered reliable, the hypothetical posed must

28  include 'all of the claimant's functional limitations, both physical and mental'

1  supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002)

2  (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical

3  questions posed to a VE need not include all alleged limitations, but rather only

4  those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at

5  756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v.

6  Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose

7  a hypothetical that is based on medical assumptions, supported by substantial

8  evidence in the record, that reflects the claimant's limitations. Osenbrock v.

9  Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d

10  179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d 1035, 1043 (9th Cir. 1995)

11  (although the hypothetical may be based on evidence which is disputed, the

12  assumptions in the hypothetical must be supported by the record).

13       As the Court concluded above, the ALJ properly rejected Plaintiff's

14  allegations of disabling postural limitations. Accordingly, the ALJ was not

15  obligated to include those limitations in his hypothetical to the VE. See, e.g.,

16  Magallanes, 881 F.2d at 756-57; Copeland, 861 F.2d at 540; Martinez, 807 F.2d at

17  773-74.

18       However, even assuming there was error and those limitations should have

19  been included in the hypothetical and/or in Plaintiff's RFC, any error was

20  harmless. Carmickle, 533 F.3d at 1162 (harmless error rule applies to review of

21  administrative decisions regarding disability); see also Tommasetti v. Astrue, 533

22  F.3d 1035, 1038 (9th Cir. 2008) ("The court will not reverse an ALJ's decision for

23  harmless error, which exists when it is clear from the record that the ALJ's error

24  was inconsequential to the ultimate non-disability determination."). Although the

25  job of cleaner II requires constant reaching and handling (DOT No. 919.687-014),

26  and Plaintiff would be unable to perform that job, her past work as outside

27  deliverer requires only frequent reaching and handling, and does not require any

28

7

kneeling, crouching, crawling, or squatting[3] ((DOT No. 230.663-010).  Thus, even had the limitations been considered, Plaintiff would be capable of performing that job.  See Gallo v. Comm'r of Soc. Sec. Admin., 449 F. App'x 648, 650 (9th Cir. 2011) (citing Carmickle, 533 F.3d at 1162) ("Because the ALJ satisfied his burden at Step 5 by relying on the VE's testimony about the Addresser job, any error that the ALJ may have committed by relying on the testimony about the 'credit checker' job was harmless").  Moreover, the VE also testified that even if Plaintiff were restricted to sedentary work, although she could not perform her past relevant work, there were other occupations in the economy she could perform, such as sorter of small agricultural products (DOT No. 521.687-086), optical assembly (DOT No. 713.687-018), and assembler in buttons and notions (DOT No. 734.687-018).  (AR at 692-93.)  As indicated in the DOT requirements for these positions, none require any postural activities, and none require more than frequent reaching and handling.  Thus, any error was harmless.

## C.   **The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting Plaintiff's subjective physical complaints.  (JS at 12-13.)  She notes that the ALJ addressed Plaintiff's credibility as it pertains to her mental complaints but failed to address any of her subjective physical complaints and

---

[3]  Whether Plaintiff has a driver's license is immaterial.  The impairment must be the primary reason for the claimant's inability to engage in work.  Soc. Sec. Ruling 82-61; see also Cribbs v. Astrue, Case No. 1:11-cv-00654-AWI-SMS, 2012 WL 4090186, at *2 (E.D. Cal. Sept. 17, 2012) ("The Commissioner generally does not consider the claimant's ability to secure any licensure at step four"); see Berry v. Astrue, 622 F.3d 1228, 1232 n.1 (9th Cir. 2010) (citation omitted) ("a claimant physically and mentally capable of performing his past work as a security guard cannot defeat a finding of nondisability by arguing that his criminal record will prevent him from obtaining that work"),

1    limitations.  (Id. at 13.)  She also contends the ALJ failed to specify which
2    statements made by Plaintiff were "not sufficiently credible."  (Id. (internal
3    quotation marks omitted).)  She also contends that the ALJ could not solely rely
4    on a lack of objective medical evidence to reject credibility, and generally failed to
5    provide clear and convincing reasons for rejecting Plaintiff's testimony.  (Id.)

6         Within this claim, Plaintiff also argues that the ALJ failed to cite any
7    legitimate reasons for rejecting the totality of the lay witness statements from
8    Plaintiff's mother regarding Plaintiff's physical impairments and limitations.  (Id.
9    at 14.)  Specifically, she contends that the ALJ's rejection of Plaintiff's mother's
10   statements on the grounds that Plaintiff's mother is not a doctor, and that her
11   statements are not supported by the objective evidence, do not constitute
12   legitimate reasons for rejecting that testimony as Plaintiff's mother did not render
13   a medical opinion.

14        **1.    Plaintiff's Credibility.**

15        An ALJ's assessment of pain severity and claimant credibility is entitled to
16   "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
17   Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a
18   claimant's testimony is a critical factor in a decision to deny benefits, the ALJ
19   must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231
20   (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also
21   Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that
22   claimant was not credible is insufficient).

23        Once a claimant has presented medical evidence of an underlying
24   impairment which could reasonably be expected to cause the symptoms alleged,
25   the ALJ may only discredit the claimant's testimony regarding subjective pain by
26   providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.
27   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding
28   must be properly supported by the record and sufficiently specific to ensure a

9

1  reviewing court that the ALJ did not arbitrarily reject a claimant's subjective

2  testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

3      An ALJ may properly consider "testimony from physicians . . .  concerning

4  the nature, severity, and effect of the symptoms of which [claimant] complains,"

5  and may properly rely on inconsistencies between claimant's testimony and

6  claimant's conduct and daily activities.  See, e.g., Thomas, 278 F.3d at 958-59

7  (citation omitted).  An ALJ also may consider "[t]he nature, location, onset,

8  duration, frequency, radiation, and intensity" of any pain or other symptoms;

9  "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and

10  adverse side-effects of any medication"; "[t]reatment, other than medication";

11  "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or

12  inadequately explained, failure to seek treatment or follow a prescribed course of

13  treatment"; and "ordinary techniques of credibility evaluation," in assessing the

14  credibility of the allegedly disabling subjective symptoms.  Bunnell, 947 F.2d at

15  346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v.

16  Comm'r of Soc. Sec. Admin., 169 F.3d 595,  600 (9th Cir. 1999) (ALJ may

17  properly rely on plaintiff's daily activities, and on conflict between claimant's

18  testimony of subjective complaints and objective medical evidence in the record);

19  Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on

20  weak objective support, lack of treatment, daily activities inconsistent with total

21  disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th

22  Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had

23  been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may

24  properly rely on claimant's daily activities and the lack of side effects from

25  prescribed medication); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001)

26  (ALJ properly found that the claimant's "tendency to exaggerate" was a factor

27  supporting his determination that she was not credible); Bunnell, 947 F.2d at 346

28  (ALJ may use ordinary techniques for evaluating credibility, including relevant

10

1  character evidence); <u>Albidrez v. Astrue</u>, 504 F. Supp. 2d 814, 822 (C.D. Cal.

2  2007) (claimant's conviction for a crime of moral turpitude is a factor providing a

3  proper basis for an adverse credibility finding).

4         As reflected by the ALJ's decision, Plaintiff testified that she cannot work

5  because she cannot concentrate and has no interest in things; has pain in her back

6  and knees; has body pain; has bad days even on medication; and her hands get

7  numb, and she gets headaches.  (<u>See</u> AR at 16).  After reviewing the record, the

8  Court finds that the ALJ provided clear and convincing reasons for discounting

9  Plaintiff's subjective complaints.

10        In determining Plaintiff was not entirely credible, the ALJ set forth

11  numerous reasons.  (<u>Id.</u> at 16-20.)  The ALJ noted that Plaintiff's allegations are

12  not consistent with her medical records[4]; she has a long history of

13  methamphetamine use; her decompensation episodes have been accompanied by

14  methamphetamine or alcohol use; she has at least fifteen arrests for drugs and

15  fighting; her criminal background reflects on her lack of credibility; her latest

16  psych consultative examination indicated that Plaintiff is "attempting to

17  exaggerate her problems, and that [she] is malingering memory deficits," which is

18  inconsistent with the existence of a disabling condition, which would not need

19  embellishment and would be better documented "with her forthright effort";

20  although her orthopedic examination reports subjective pain, functionally the

21  findings showed her only minimally limited; even after being hit by a motor

22  vehicle, no doctor found she was unable to work for a twelve-month period; there

23  is no other objective evidence that Plaintiff was physically unable to work during

24

25

26        [4] To the extent the ALJ relied on the fact that the objective medical
evidence does not support Plaintiff's alleged severity of symptoms, although a

27  lack of objective medical evidence may not be the sole reason for discounting a
plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be

28  considered.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

11

the relevant time period; Plaintiff's participation in an exercise group in 2009 and riding a bike in 2005 are inconsistent with her alleged limitations; Plaintiff has had little treatment for her alleged physical complaints; and her reported activities of daily living (cleaning house, shopping, fixing dinner, doing her own personal care; doing laundry and ironing), are inconsistent with her alleged limitations.  (Id.) These factors considered by the ALJ were all valid and supported by the record.

Accordingly, the Court finds that the ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints of impairment less than credible.

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.  Thus, there was no error.

**2.    Lay Witness Testimony.**

Plaintiff also contends the ALJ improperly rejected the lay witness testimony of her mother, Mary Arenas, who completed a third-party statement. (AR at 17, 108-16.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provide that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of  [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so

without comment. <u>Nguyen</u>, 100 F.3d at 1467.  The ALJ must provide "reasons that are germane to each witness." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ provided sufficient reasons germane to Plaintiff's mother for rejecting her testimony.

The ALJ found that Ms. Arenas' statements were credible to the extent they were consistent with the decision, but that her testimony was not supported by the medical records.  One of the reasons deemed to be "germane" to a particular witness includes that the witness' testimony is contradicted by the medical evidence of record. <u>See</u> <u>Bayliss v. Barnhart</u>, 427 F. 3d 1211, 1218 (9th Cir. 2005); <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence"); <u>Vincent</u>, 739 F.2d at 1395 ("The ALJ properly discounted lay testimony that conflicted with the available medical evidence.").  Thus, this reason was germane to this witness and is enough to support the ALJ's finding.

The ALJ also noted that Ms. Arenas may have a familial interest in Plaintiff receiving benefits.  An ALJ may reject a lay witness' testimony if the ALJ finds the witness to be biased. <u>See, e.g.</u>, <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006) (finding the ALJ's consideration of the claimant's prior girlfriend's close relationship with the plaintiff and desire to help him as a possible reason for bias was a reason germane to that witness).  However, "[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289 (9th Cir. 1996) (rejecting the ALJ's wholesale dismissal of testimony from family witnesses who were "understandably advocates, and biased," as not a reason germane to each witness who testified); <u>see also</u> <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009) (finding that being an interested party in the abstract was insufficient to reject a spouse's testimony).  The Court declines to determine whether this reason was

13

1   germane to this witness since there was one reason found to be sufficient to

2   support the ALJ's finding.

3          Furthermore, the ALJ rejected Plaintiff's mother's testimony because she is

4   not a doctor or other expert and, therefore, is not qualified to give an opinion as to

5   Plaintiff's impairments or her ability to perform work activity.  (AR at 17.)  A

6   review of the statement completed by Plaintiff's mother does not reflect that she is

7   attempting to give any diagnoses.  (Id. at 108-16.)  In fact, she even disclaims such

8   an attempt:  "I am not a Dr. so therefore I can't answer all these things[.]  I see

9   what I see."  (Id. at 113.)   An ALJ need not discuss "medical diagnoses" made by

10  lay witnesses because they "are beyond the competence of lay witnesses and

11  therefore do not constitute competent evidence."  Nguyen, 100 F.3d at 1467

12  (citing 20 C.F.R. § 404.1513(a)).  "However, lay witness testimony as to a

13  claimant's symptoms or how an impairment affects ability to work is competent

14  evidence, and therefore cannot be disregarded without comment."  Id. (citations

15  omitted).  Thus, the ALJ erred in finding Plaintiff's mother's testimony less than

16  credible for this reason.

17         Nonetheless, because the ALJ provided at least one significant reason for

18  rejecting Plaintiff's mother's testimony that was germane to her, any error was

19  harmless.  See Carmickle, 533 F.3d at 1162-63 (finding an error by the ALJ with

20  respect to one or more factors in a credibility determination may be harmless if

21  there "remains substantial evidence supporting the ALJ's conclusions" in that

22  regard).

23         Based on the foregoing, the Court finds that relief is not warranted on

24  Plaintiff's claim.

25  / / /

26  / / /

27  / / /

28  / / /

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: January 18, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

15